UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GERARD MUNOZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-11-170 |
| | § | |
| TOYOTA MOTOR CORPORATION, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO TRANSFER VENUE

Before the Court is "Toyota's Motion to Transfer Venue" (D.E. 35), filed by Defendants Toyota Motor Corporation (TMC) and Toyota Motor Sales, U.S.A., Inc. (TMS) (jointly referred to as "Toyota"). For the reasons stated below, the Motion is DENIED.

### INTRODUCTION

Toyota seeks this Court's order transferring venue to the United States District Court for the District of Colorado, claiming that all of the relevant private and public interest factors counsel in favor of finding that Colorado is a more convenient forum for this case. The issue of transfer of venue is committed to the sound discretion of this Court. 28 U.S.C. § 1404(a); *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) ("But—and we stress—in no case will we replace a district court's

exercise of discretion with our own; we review only for clear abuses of discretion that produce patently erroneous results.").

This is a product liability case arising from a single-vehicle rollover accident involving a 2000 Toyota Tundra. Rosie A. Suarez was driving the vehicle with her daughters M.M., the right front passenger, and M.S., seated behind her mother. In the course of the rollover, M.M. was ejected from the vehicle and died as a result of the injuries she sustained. Ms. Suarez and M.S. were injured in the accident and survived. The complaint, brought by M.M.'s father, Gerard Munoz (individually and on behalf of M.M.'s estate), along with Ms. Suarez (individually and as next friend of M.S.), alleges claims for design defects, manufacturing defects, negligence, and gross negligence against all three defendants with respect to the alleged failure of the right front passenger seat belt. The Plaintiffs seek to recover wrongful death, survival, and bystander damages, along with punitive damages. D.E. 1.

## VENUE LAW

A court may transfer venue (1) for the convenience of parties and witnesses, in the interests of justice, (2) to any other district or division where the action might have been brought. 28 U.S.C. § 1404(a). The burden of proof is on the movant to show good cause for the proposed transfer. *Volkswagen*, 545 F.3d at 314. While Toyota argues that the Plaintiffs' choice of venue is entitled to no deference, that is not exactly what the Fifth Circuit said in *Volkswagen* after lengthy review of the issue. According to the Fifth Circuit:

> This "good cause" burden [on the movant] reflects the appropriate deference to which the plaintiff's choice of venue is entitled. When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." Thus, *when the transferee venue is not **clearly** more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.* When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Volkswagen*, 545 F.3d at 315 (emphasis added).

The reason that the *Volkswagen* plaintiff's choice was rejected as a basis for retaining venue was not because it was completely irrelevant or completely neutral but because there was no relationship between that chosen venue and that case. Thus, the weighing of factors—**all** of which favored transfer—rendered the district court's reliance *only* on the plaintiff's choice of venue "patently erroneous." This Court notes that the Plaintiffs have demonstrated some relationship between the case and this venue, which will be discussed in more detail below. The test to be applied then, is whether Toyota has demonstrated good cause to transfer venue because the Colorado venue is "clearly more convenient."

There is no dispute between the parties that this action "might have been brought" in the United States District Court for the District of Colorado. Thus the second requirement for transfer of venue is satisfied. The first prong of the test requires an analysis and weighing of several private and public interest factors that were first set out as governing *forum non conveniens* determinations and which were later applied to

transfer of venue questions.  *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc*., 321 F.2d 53, 56 (5th Cir. 1963).

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. 252).  The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*.

*Volkswagen*, 545 F.3d at 315.  Each factor will be discussed separately below.  As the Fifth Circuit observed, these factors "are not necessarily exhaustive or exclusive.  Moreover, we have noted that 'none ... can be said to be of dispositive weight.' " *Id*. (quoting Action *Indus., Inc. v. U.S. Fid. & Guar. Corp*., 358 F.3d 337, 340 (5th Cir. 2004)).

## PRIVATE INTEREST FACTORS

**1.  The relative ease of access to sources of proof**

Toyota argues that the "most important" evidence is more easily accessible in Colorado.  In particular, Toyota is referencing "the investigating officer's report, EMS reports, other medical records, and other materials regarding the accident."  Toyota does

not describe any current or anticipated problems with accessing documentary proof that would be ameliorated by a transfer of the case to the District of Colorado.

Toyota emphasizes that Colorado is the location of the accident site, and points out that this issue was a repeated reason supporting transfer in the *Volkswagen* analysis. Toyota does not, however, describe what the site location means to this products liability case or to proving up its defense. Toyota has not articulated any reason that the location of the accident in Colorado is anything more than a fortuitous fact it wishes to benefit from.

Rounding out its argument on this factor of the relative ease of access to sources of proof, Toyota claims that it would be "more convenient and less costly for the vast majority of key witnesses to testify in the District of Colorado." It mentions the importance of the testimony of Officer Richard Reyes and Sgt. Dan Rutherford, officers in Pueblo, Colorado who investigated the scene and took note of the condition of the seat belt immediately after the incident. Likewise, Toyota advances the importance of the testimony of Devi Walton and Jason Burns, who were emergency medical responders and allegedly provided detailed testimony related to M.M.'s seat belt use. Toyota states that these witnesses testified that the Colorado venue would be more convenient for them and concluded that "the convenience of the majority of key fact witnesses favors transfer to the District of Colorado."

Toyota does not, however, indicate whether or why these "key" witnesses are needed for live testimony. There is no detail in the motion regarding what the crucial testimony is and no indication that it is hotly contested by any other evidence or witness.

Toyota does not state that these witnesses would be unavailable for trial in Corpus Christi, Texas or that the inconvenience complained of would have a material impact on its defense of this case.

In opposition, Plaintiffs argue that the "most important" physical evidence in this product liability case is the subject vehicle and its seat belt restraint system, which is stored in a warehouse located in Corpus Christi, Texas.  Plaintiffs assert that the vehicle was transferred to that warehouse and has been viewed there by parties and their consulting or expert witnesses without complaint.  Plaintiffs also suggest that the Court may want to permit the jury to view the subject vehicle, making Corpus Christi the favored venue.

As for the reports and records referenced by Toyota, Plaintiffs state that those documents have already been retrieved from their sources, exchanged in discovery, and proved up for use at trial.  They also note that important documentary evidence regarding the design and manufacture of the seat belt has been or will be retrieved from Toyota, which does not house its documents in Colorado.

With respect to the accident location, Plaintiffs observe that the emphasis on the accident site as a factor in *Volkswagen* may have had more to do with the fact that there was no relationship at all between the case and the chosen venue there.  Plaintiffs assert that, because this is a single-vehicle accident and is a products liability case, the location of the accident is of no appreciable importance.

Both sides rely on the decision in *Mohamed v. Mazda Motor Corp.*, 90 F.Supp. 2d 757, 776-77 (E.D. Tex. 2000) to support their respective arguments regarding the

importance of the accident site as it relates to a products liability case. The *Mohamed* court held that the location of the accident had to be considered in the context of the entire case and against the fact that product liability conduct occurs where the product is designed and manufactured, not where the product ultimately fails. The *Mohamend* court held that the location of the accident site and the product liability conduct neither supported nor weighed against transfer of venue in that case. *Id*.

Toyota's reliance on the accident site as a factor in the venue analysis comes without articulation of its significance to the case. Because the incident at issue was a single-vehicle rollover accident and no allegations are made against any other driver or any entity responsible for the construction or condition of the roadway, Toyota has not supplied the Court with a reason to find that the accident location weighs in favor of transfer.

Addressing the comparative convenience of the witnesses, the Plaintiffs note that Toyota has offered four "key" witnesses for whom testifying in Colorado would be more convenient. Plaintiffs point out that, while Toyota claims that those witnesses have important testimony about the seat belt, Toyota has not provided any detail regarding what that testimony is, why it is important, and why it outweighs the importance and convenience of other witnesses. In particular, Plaintiffs note that there are more than four witnesses who are living in Corpus Christi, Texas and whose testimony is important on damages issues regarding the relationships of Plaintiffs with their decedent and the anguish they have suffered.

The Court finds that there is an ease of access to documentary evidence, which has already been exchanged and proven up, rendering this issue neutral in the transfer of venue analysis. The location of the subject vehicle is in a warehouse in Corpus Christi, Texas where it has been viewed and remains subject to inspection. This issue favors retaining venue in Corpus Christi. This is a products liability case, which reduces any importance to be placed on the accident site. Without any articulation of the importance of the accident site, this issue is neutral. While Toyota invokes the inconvenience of this venue for four "key" liability witnesses, Plaintiffs have named twenty-two damages witnesses who would be inconvenienced by traveling to Colorado to testify.

Toyota has failed to assert a clear reason why the comparative convenience of the parties' witnesses requires a transfer to Colorado. "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992). *See also, Dupre v. Spanier Marine Corp.*, 810 F.Supp 823, 826 (S.D. Tex. 1993). This issue is neutral. Overall, the Court finds that the relative ease of access to sources of proof does not clearly weigh in favor of transfer. Rather, it is neutral.

2. **The availability of compulsory process to secure the attendance of witnesses**

Toyota submits that the Colorado District Court has absolute subpoena power to command attendance at trial of important non-party fact witnesses, such as the third-party investigators and emergency medical responders. In so doing, it suggests that the non-party witnesses that the Plaintiffs might want to call are primarily friends and family and

would attend trial upon Plaintiffs' request, without having to be compelled.

Plaintiffs respond, arguing that Toyota has again failed to articulate any reason to consider this factor to weigh in its favor. Toyota has not listed any witnesses that they intend to call live at trial who will refuse to appear voluntarily. Specifically, Plaintiffs state that, without a showing that compulsory process will be necessary with respect to any particular witness, this factor is neutral. *Sivertson v. Clinton*, 2011 WL 4100958, *5 (N.D. Tex. 2011).

The Court agrees with *Sivertson* and considers this factor neutral in this case. Nonetheless, looking at case law in general, it appears that courts often apply this factor in the abstract, without reciting specific witnesses who will have to be subpoenaed. So while this might be a factor that weighs slightly in favor of Toyota, it certainly does not "clearly" weigh in its favor and the Court considers this factor as having lesser importance than the access to sources of proof discussed above.

### 3. The cost of attendance for willing witnesses

To the extent that Toyota addressed this factor, it was done together with the discussion of access to sources of proof. Toyota roughly compared the cost of its witnesses attending the Colorado court as opposed to the Corpus Christi court. Toyota had to acknowledge that the witnesses in Pueblo, Colorado are still a substantial distance from the Denver, Colorado courthouse and will incur some travel expenses even if the trial is moved there. Toyota does not mention any witnesses residing or working in Denver, the same city where the Colorado courthouse sits.

Moreover, Toyota did not address the comparative costs of the Plaintiffs' witnesses, who, generally, would have to travel great distances from their homes to attend trial at the Colorado court versus traveling a *de minimis* distance within the same city if the trial were in Corpus Christi. If the trial is in Corpus Christi, those witnesses would have no appreciable expenses for travel, meals, or lodging. This factor weighs slightly against transfer.

**4. All other practical problems that make trial of a case easy, expeditious and inexpensive.**

While the listed factors are neither exhaustive nor exclusive, none of the parties suggested any additional practical problems to be weighed in the transfer analysis.

## PUBLIC INTEREST FACTORS

**1. The administrative difficulties flowing from court congestion.**

Toyota notes that it "is unaware of the relative size of the dockets in the District of Colorado and the Southern District of Texas . . . ." D.E. 35, p. 12, n.8. Thus it concedes that it has not shown this factor to favor transfer. Plaintiffs, also without information on the comparative dockets, simply notes that procedures in this Court have been expeditious to date and that it is possible that transfer would cause delays.

Statistical information regarding the United States District Courts is available from the Administrative Office of the United States Courts, on the internet at www.uscourts.gov/Statistics.aspx. A comparison of those statistics shows that the Colorado District Court, on a per judgeship basis, has more civil case filings, more

"weighted filings," and has a longer median time between filing of a civil case and its trial. Consequently, it appears to this Court that this factor weighs substantially against transferring venue.

### 2. The local interest in having localized interests decided at home.

In addressing this factor, Toyota essentially reasserts its arguments on the private interest factors, addressed above, such as the access to proof and convenience of the witnesses. It adds that the subject vehicle had not traveled into this Court's geographic jurisdiction. That is not the correct analysis. As a "public interest" factor, this goes to the general jurisprudential concern that the community most affected be permitted to see justice done.

To determine what community has a greater interest, the Court must look beyond the mere fact that something happened in Colorado and determine (1) who was affected and (2) what measures are required in order to see justice done. This requires a look at the Complaint.

With respect to the identity of the Plaintiffs, this case is primarily about the injuries to, and death of, M.M., a Corpus Christi, Texas resident. Her father, who had primary custody of M.M. and who represents her Estate, resides in Corpus Christi. The claims of M.M.'s mother and sister, Colorado residents, are not for their own physical injuries that were treated in Colorado, but are for bystander injuries—the impact of their loved one's serious injuries and death that took place in their presence.

With respect to the measures required to see justice done, the products liability conduct complained of has nothing to do with Colorado, its residents, or its roads. It has to do with the design and manufacture of the seat belt in the 2000 Toyota Tundra. There is no claim that the relevant conduct took place in Texas or Colorado. Overall, then, the Court finds that this factor weighs slightly against transfer of venue.

> **3. The familiarity of the forum with the law that will govern the case; and**
> **4. The avoidance of unnecessary problems of conflict of laws or in the application of foreign law.**

The parties address these two issues as one. Toyota "believes" that Colorado law should apply and states its intention to file a motion to that effect. On the premise that Colorado law will apply, it asserts that the Colorado court would be better equipped to apply that law. Plaintiffs point out the errors in this argument. Because no such choice of law determination has been requested or made, this factor cannot weigh in favor of transfer of venue.

In fact, until such a choice of law determination has been made to apply Colorado law, Texas law is the default law to be applied to this diversity case. *Erie R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010). Thus this factor weighs against transfer.

## CONCLUSION

Weighing all of the factors together, the Court concludes that they weigh against transfer. Toyota has not demonstrated "good cause" for a transfer of the case to

Colorado, which requires a showing that the transferee venue is clearly more convenient than the current venue.  Toyota's Motion to Transfer Venue (D.E. 35) is **DENIED**.

ORDERED this 21st day of May, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE